IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN TANNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-2056-EFM-BGS |
| ) | |
| C.D.L. ELECTRIC COMPANY, LLC, ) | |
| f/k/a C.D.L. ELECTRIC COMPANY, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF DEFICIENCY AND ORDER TO SHOW CAUSE**

Plaintiff Steven Tanner filed his federal court Complaint on February 5, 2025, alleging diversity jurisdiction in an automobile negligence case pursuant to 28 U.S.C. § 1332(a)(1). (Doc. 1, at 3.) Therein, he alleges he is a "resident" of Oklahoma and the individual Defendant is a "resident" of Kansas. (*Id.*, at 1.) He further alleges that Defendant C.D.L. Electric Company, LLC, f/k/a C.D.L. Electric Company, Inc. is a "domestic for-profit company organized and existing under the laws of Kansas, with its principal place of business [in] … Kansas" while Defendant C.D.L. Electric and Signals, Inc. is also a "domestic for-profit company organized and existing under the laws of Kansas, with its principal place of business" in Kansas. (*Id.*, at 1-2.)

For the reasons stated below, however, Plaintiff's citizenship allegations are insufficient to establish complete diversity of the parties. The Court thus ORDERS Plaintiff to show cause, pursuant to the deadline indicated below, by filing an Amended Complaint or responding to this Order in writing, to establish why the undersigned Magistrate Judge should not recommend dismissal of this case to the District Court for lack of jurisdiction.

It is the independent obligation of the Court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction … ." *Henderson ex rel.*

1

*Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011). As such, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* (citation omitted). If it becomes apparent that jurisdiction does not exist, the Court, on its own, "must dismiss the cause at any stage of the proceedings … ." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed.R.Civ.P. 12(h)(3).

Pursuant to 28 U.S.C.A. §1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

"Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Simply stated, diversity is absent when citizens of the same state are on both sides of the case.

To establish diversity jurisdiction, an individual party is only a citizen of the state or foreign state where he or she is *domiciled*, not where they reside. *PHH Mortgage Corp. v. Joseph Stuber, et al.*, 23-1123-DDC-TJJ, 2023 WL 4999153, *2 (D. Kan. 2023) (citation omitted). "A person's residence is not the equivalent of his or her domicile and it is a person's domicile that is relevant for determining citizenship." (*Id.*) The information Plaintiff has provided as to himself and the individual Defendant is insufficient to allow the Court to make a determination regarding diversity jurisdiction as Plaintiff only alleges where the individual parties "reside."

2

In addition, the organizational structure of a business entity determines its citizenship. For instance, the citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Citizenship for unincorporated associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Plaintiff has properly alleged the citizenship of Defendant C.D.L. Electric and Signals, Inc., by indicating it is a "domestic for-profit company organized and existing under the laws of Kansas, with its principal place of business" in Kansas. (Doc., at 1-2.) Defendant C.D.L. Electric Company, LLC, however, is an unincorporated association and Plaintiff has failed to identify the citizenship of each of this Defendant's members. *Siloam Springs Hotel, LLC*, 781 F.3d at 1234. Without this information, the Court cannot determine the validity of the claimed diversity. *Id.*

That stated, the Court will delay Plaintiff's response to the Order until after Defendants have filed their diversity disclosure statements pursuant Fed. R. Civ. P. 7.1. These disclosure statements, in most cases, provide a plaintiff with the necessary information to cure such deficiencies. Courts in this District have adopted this approach in response to the 2022 amendments to Rule 7.1 and the continued difficulties caused to plaintiffs attempting to plead a non-corporate entity's citizenship.

Rule 7.1 requires any party in a diversity case to file a disclosure statement, which "must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1. The advisory committee note to the 2022 amendment of the Rule suggests the purpose, in part, is to address the hardship plaintiffs experience when pleading a non-corporate entity's citizenship: "A party suing an LLC may not have all the information it needs to plead the LLC's citizenship. The same difficulty may arise with respect to other forms of

noncorporate entities[.]" Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment. The advisory committee notes clarify that pleading citizenship "on information and belief is acceptable at the pleading stage." *Id.* Even so, the committee does not "relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction." *Id.* Courts have devised this deficiency approach in an effort to maintain a plaintiff's obligation while also allow a plaintiff to benefit from the Rule 7.1disclosure(s).

**IT IS THEREFORE ORDERED** Plaintiff Steven Tanner is directed to amend his Complaint or show cause in writing **within fourteen days after all Defendants have filed their Rule 7.1 disclosure statements** to establish why the undersigned Magistrate Judge should not recommend to the District Court that this action be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

IT IS SO ORDERED.

Dated this 6th day of February, 2025, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
U.S. MAGISTRATE JUDGE