**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **Steven Tanner,**<br>Plaintiff,<br><br>*v.*<br><br>**C.D.L. Electric Company, LLC f/k/a C.D.L. Electric Company, Inc. and Dalton Lyon,**<br>Defendant. | Case No. 2:25-CV-02056-AWM-BGS |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Objections to the Magistrate's Order and Motion for Review by District Judge. Doc. 89. As explained below, the Court concludes that Magistrate Judge Severson did not err in her Order requiring the production of raw neuropsychological test data. Accordingly, the Court overrules Defendants' objections and denies their motion for review.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident on February 9, 2023, that resulted in injury to Plaintiff. Doc. 5.

On January 19, 2026, Defendants filed a Motion to Compel Neuropsychological Examination and Prohibit Recording Pursuant to Rule 35. Doc. 58. Magistrate Judge Severson denied the motion for failure to comply with the meet and confer requirement of Local Rule 37.2. Doc. 63. On February 9, 2026, Magistrate Judge Severson held a pre-motion telephone conference with counsel for the parties to address disputed issues related to a neuropsychological independent medical examination (IME) of Plaintiff. Doc. 71.

On February 16, 2026, Defendants filed their Second Motion to Compel Neuropsychological Examination Pursuant to Rule 35 and Memorandum in Support (Second Motion), which complied with Local Rule 37.2. Doc. 72. Defendants' Second Motion sought an order compelling Plaintiff to attend an IME, prohibiting audio or video recording of the IME, and prohibiting disclosure of raw neuropsychological test data to Plaintiff's counsel. Doc. 72. Plaintiff opposed the attempt to prohibit the audio or video recording and production of raw test data, arguing that special circumstances exist and the Federal Rules require production of the raw test data. Doc. 79.

On March 20, 2026, Magistrate Judge Severson entered an Order on Defendants' Second Motion, granting Defendants' request for an IME and prohibiting audio or video recording, but denying the request to bar production of raw neuropsychological data. Doc. 85.

On April 3, 2026, Defendants filed the present motion, Defendants' Objections to the Magistrate's Order and Motion for Review by District Judge. Doc. 89. Defendants objected only to the portion of Judge Severson's Order that required Defendants' expert Dr. Robert Paul, Ph.D., to produce raw test data. Doc.89. Defendants allege that Judge Severson failed to apply the "special circumstances" or "good cause" standard and instead imposed a condition on the Rule 35 examination without a showing of a "particular and specific demonstration of fact." Doc. 89 at 3-4.

## II. LEGAL STANDARD

In reviewing a magistrate judge's order on a nondispositive pretrial matter, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A magistrate

judge's ruling is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (citing *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)). Magistrate judges have "broad discretion in resolving discovery disputes," which the district court will overrule "only on an abuse of discretion." *S.E.C. v. McNaul*, 277 F.R.D. 439, 442 (D. Kan. 2011).

## III. ANALYSIS

Federal Rule of Civil Procedure 35 requires a party seeking a medical examination to obtain the court's permission first. *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 689 (10th Cir. 2007). The moving party must show that the mental condition of the party to be examined is in controversy and that good cause for the examination exists. *Schlagenhauf v. Holder*, 379 U.S. 104, 117–19 (1964). Rule 35 further requires that the moving party "must, on request, deliver to the requester a copy of the examiner's report," which "must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Fed. R. Civ. P. 35(b)(1)–(2). Rule 26 provides that an expert witness's report "must contain" the "facts or data considered by the witness" in forming their opinions. Fed. R. Civ. P. 26(a)(2)(B).

Just as the parties and Judge Severson did not find a District of Kansas or Tenth Circuit case on point, neither has this Court. Doc. 85. However, decisions from other district courts in the Tenth Circuit are instructive.

In *Wright v. Hobby Lobby Stores, Inc.*, the defendant sought a neuropsychological examination of the plaintiff and refused to produce raw test data to plaintiff's counsel, insisting that defendant's expert would only produce the raw test

data to a licensed or certified neuropsychologist. 344 F.R.D. 538, 540 (D. Col. 2023). The court considered whether production of raw test data would compromise the integrity or proprietary nature of the test or the ethical principles of the medical professionals. *Id.* at 540–42. The court determined that the protective order already entered in the case sufficiently addressed security and ethical concerns. *Id.* at 542. The court found that "raw [neuropsychological] data is no more sensitive than an individual's personal medical records, private financial documents, or confidential corporate trade secrets, all of which is routinely exchanged in lawsuits through use of a court-ordered protective order." *Id.* The court reasoned that limiting production of raw data to neuropsychologists "does not work in the litigation context" because plaintiff's counsel was entitled to review the raw test data, regardless of whether plaintiff hired its own expert neuropsychologist. *Id.*

In *Booker v. P.A.M. Transport, Inc.*, defendants sought a neuropsychological IME, and plaintiff sought production of the raw test data, among other notes and records related to the IME. No. 2:23-CV-18 WJ/KRS, 2024 WL 3890412, at *3 (D.N.M. Aug. 21, 2024). The court required defendants to provide the examiner's report, setting out the findings, including diagnoses, conclusions, and the results of any tests, as required by Rule 35, stating that "[s]hould Defendants rely on the IME physician as an expert, then Defendants must comply with Rule 26 requirements by the appropriate case management deadlines." *Id.* at *4. The court did not specify whether it considered raw test data to be "the results of any tests" and therefore required to be produced under Rule 35, or rather the raw test data was only subject to production in the expert's report under Rule 26. *See id.*

In *Sellars v. Foldy*, the District of New Mexico recognized a "tension between the disclosure requirements of [Federal Rule 26] and the APA ethical guidelines," but found the dilemma resolved with a court order compelling production. *Sellars v. Foldy*, No. 08CV1097 MCA/RLP, 2009 WL 10706752, at *2 (D.N.M. Nov. 24, 2009). The court ordered production of raw test data in the expert witness report. *Id.*

The American Psychological Association's Ethical Principles of Psychologists and Code of Conduct Section 9.04(b), entitled Release of Test Data, states: "In the absence of a client/patient release, psychologists provide test data only as required by law or court order."[1]

Plaintiff does not dispute that his mental condition is in controversy or that good cause exists for a medical examination. Doc. 93. The only issue raised in Defendants' Second Motion and currently before the Court is production of the raw neuropsychological test data. Doc. 89. Defendants do not raise issues with the integrity or proprietary nature of the examination itself, and the Court does not consider the issues. Doc. 89. Instead, Defendants focus on the ethical and professional considerations of their expert Dr. Paul. Doc. 72-1. Dr. Paul's concerns focus on disclosure, dissemination, and misinterpretation of the test data. Doc. 89-1. Dr. Paul asserts in his affidavit that he will provide a report "identify[ing] each test administered, the raw total score obtained on each instrument, and the corresponding demographically adjusted standardized scores for each outcome" and "detail[ing] the process by which the evaluation was conducted and behavioral observations of the examinee during the testing process." Doc. 72-1.

[1] AM. PSYCH. ASS'N, *Ethical principles of psychologists and code of conduct* (Jun. 1, 2003, amended Jun. 1, 2010 and Jan. 1, 2017), https://perma.cc/3MT3-PWF3.

Rule 26 requires that Dr. Paul's expert report contains the "facts or data considered by the witness" in forming his opinions. Fed. R. Civ. P. 26(a)(2)(B). The names of the tests, raw total scores for each, adjusted standardized scores, process of evaluation, and behavioral observations do not constitute all the "facts or data considered by the witness." Plaintiff is entitled to the facts or data considered by Dr. Paul in forming his opinions, including the raw test data. Because either the patient's consent or a court order is sufficient to overcome the ethical considerations raised by Defendants and Dr. Paul, the Court finds that Judge Severson's Order was not contrary to the law and properly applied the relevant statutes, case law, and rules. Judge Severson did not abuse the broad discretion given to magistrate judges in discovery matters, and this Court affirms her Order as to the production of raw neuropsychological test data.

The Agreed Protective Order already entered in this case does not provide for a designation of "attorneys' eyes only." Doc. 26. The Agreed Protective Order's "confidential" designation allows for disclosure to the parties, their counsel, court personnel, court reporters, mediators, expert witnesses, and fact witnesses, among others. Doc. 26 ¶ 6(b). While the Court finds that Plaintiff's counsel is entitled to raw neuropsychological test data from Plaintiff's IME, these other persons are not. The Court orders the parties to confer and submit a proposed protective order that will provide for production of the raw neuropsychological test data from Plaintiff's IME to counsel for the parties and qualified experts only.

## IV. CONCLUSION AND ORDER

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Objections to the Magistrate's Order and Motion for Review by District Judge, Doc. 89, is **DENIED**.

The Court affirms Magistrate Judge Severson's Order. Doc. 85. The Court further orders the parties to meet and confer and submit a proposed amended protective order, providing for an "attorneys' eyes only" designation for raw neuropsychological test data, within 14 days of the entry of this Order.

**IT IS SO ORDERED.**

Dated this **26th** day of August, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge